FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2019

SEAN F. McAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BRIAN P.,[1]<br><br>        Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,[2]<br><br>        Defendant. | No. 2:19-cv-00064-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 14, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

8. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 14, and grants Defendant's motion, ECF No. 15.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 16, 2016, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of November 30, 2015. Tr. 218-231. The applications were denied initially, Tr. 138-45, and on reconsideration, Tr. 148-55. Plaintiff appeared before an administrative law judge (ALJ) on November 9, 2017. Tr. 61-93. On February 22, 2018, the ALJ denied Plaintiff's claim. Tr. 44-60.

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 30, 2015. Tr. 49. At step two, the ALJ found that Plaintiff had the following severe impairments: post-traumatic stress disorder, generalized anxiety disorder, and personality disorder. Tr. 49.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 50. The ALJ then concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> [Plaintiff] cannot work in a managerial role or be responsible for collaborative projects with strict deadlines; he can have no contact with the public, and only occasional, superficial contact with supervisors and coworkers.

Tr. 51.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 54. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as photocopy machine operator, marker, and mail clerk. Tr. 54-55. The ALJ alternatively found that Plaintiff would be capable of performing

ORDER - 7

other work even if he had the following additional limitations: a limitation to simple, routine and repetitive tasks of GED reasoning level two or less; a need for a predictable, routine work environment with no more than occasional changes; and the inability to work at an assembly-line pace or do other fast-paced work.  Tr. 55.  The ALJ found that with these additional limitations, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as photocopy machine operator, marker, and fruit cutter.  Tr. 55.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of November 30, 2015, though the date of the decision.  Tr. 55.

On January 4, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

ORDER - 8

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ conducted a proper step-three analysis.

ECF No. 14 at 1.

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff challenges the ALJ's evaluation of the medical opinion of Thomas Genthe, Ph.D. ECF No. 14 at 3-4.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by

ORDER - 9

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2011) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821 at 830–31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

1. Dr. Winfrey

Impartial medical expert Nancy Winfrey, Ph.D., reviewed the entire medical record and testified at the administrative hearing. Tr. 64-71. Dr. Winfrey opined that Plaintiff had depressive disorder, anxiety disorder, and an unspecified personality disorder. Tr. 6-67. She testified that Plaintiff had no limitations in the ability to understand, remember, or apply information, mild to moderate limitations in the ability to interact with others, none to mild limitations in the ability to concentrate, persist, or maintain pace, and mild limitations in the ability to adapt or manage himself. Tr. 66. She testified that Plaintiff's impairments improved with

treatment. Tr. 65, 68-70. Dr. Winfrey opined that Plaintiff would not be able to work in a managerial position, and he was limited to work without strict deadlines. Tr. 67-68. The ALJ gave Dr. Winfrey's opinion great weight. Tr. 53.

Plaintiff fails to assert any challenge to the ALJ's evaluation of Dr. Winfrey's opinion. Therefore, argument on this issue is waived. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Despite Plaintiff's waiver, the Court reviewed the record and finds the ALJ's weighing of Dr. Winfrey's medical opinion is supported by, and consistent with, other evidence in the record. The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1041. Other cases have upheld the rejection of an examining or treating physician based in part on the testimony of a nonexamining medical advisor when other reasons to reject the opinions of examining and treating physicians exist independent of the nonexamining doctor's opinion. *Lester*, 81 F.3d at 831 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating

ORDER - 11

physician's opinion)); *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

The ALJ found that the opinion of Dr. Winfrey was consistent with Plaintiff's longitudinal medical record. Tr. 53. As discussed *infra*, the ALJ provided legally sufficient reasons for giving less weight to the opinion of the examining provider, Dr. Genthe, and for giving more weight to Dr. Winfrey's opinion.

*2. Dr. Genthe*

Examining psychologist, Thomas Genthe, Ph.D., completed a psychological evaluation of Plaintiff on August 31, 2016. Tr. 309-17. Dr. Genthe reported that Plaintiff had been receiving mental health counseling for one to two months prior to his evaluation and Plaintiff had never taken prescribed psychotropic medications. Tr. 310. Dr. Genthe opined that Plaintiff's symptoms had mostly none, mild, or moderate effects on his ability to perform basic work activities. Tr. 312. However, Dr. Genthe opined that Plaintiff had marked limitations in his

ORDER - 12

ability to maintain appropriate behavior in a work setting and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 312. Dr. Genthe concluded that Plaintiff's prognosis was "fair." Tr. 313. He suggested it was possible that Plaintiff's responses to testing were the result of careless responding "and/or a 'cry for help.'" Tr. 312. Dr. Genthe further noted that "[a]lthough no diagnostic code of malingering was given, it is possible that the information [Plaintiff] provided today exaggerates the actual degree of his mental health problems." Tr. 312. He opined that Plaintiff's limitations were likely to continue for a period of three to six months. Tr. 313.

The ALJ gave Dr. Genthe's opinion little weight. Tr. 53. Because Dr. Genthe's opinion was contradicted by the nonexamining opinion of Dr. Winfrey, Tr. 64-71, the ALJ was required to provide specific and legitimate reasons for discounting Dr. Genthe's opinion. *Bayliss*, 427 F.3d at 1216.

  a. Inadequate Explanation

The ALJ discredited Dr. Genthe's opinion because it was based on a cursory examination. Tr. 53. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A medical opinion may

ORDER - 13

be rejected by the ALJ if it is conclusory or inadequately supported. *Bray*, 554 F.3d at 1228; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Also, individual medical opinions are preferred over check-box reports. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). An ALJ may permissibly reject check-box reports that do not contain any explanation of the bases for their conclusions. *Crane*, 76 F.3d at 253. However, if treatment notes are consistent with the opinion, a check-box form may not automatically be rejected. *See Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014); *see also Trevizo v. Berryhill*, 871 F.3d 664, 667 n.4 (9th Cir. 2017) ("[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form"). Here, the ALJ noted that Dr. Genthe performed a cursory examination, used a check box form containing little meaningful explanation for his opinion despite normal mental status examination results, and failed to explain how Plaintiff's over-reporting of symptoms factored into his opined limitations. Tr. 53. Dr. Genthe conducted a clinical interview and mental status examination, performed limited testing, and did not review any records. Tr. 309-17. Despite opining that Plaintiff had marked limitations in the ability to maintain appropriate behavior in a work setting and complete a normal workday and work week without interruptions from psychologically based symptoms, Tr. 312, the results of Plaintiff's mental status examination were within normal limits and Dr. Genthe

ORDER - 14

provided multiple warnings that the interpretive hypotheses within his report should be "reviewed with caution." Tr. 313-16. The ALJ reasonably concluded that Dr. Genthe's report did not sufficiently explain the marked limitations he opined.

Instead, the ALJ credited Dr. Winfrey over Dr. Genthe, given her Social Security Administration program knowledge and her opportunity to review the entire longitudinal record. Tr. 53. The ALJ noted that Dr. Winfrey supported her opinion with a reasonable explanation with references to the medical record, and her opinion was "entirely consistent" with the record. Tr. 53. It is the ALJ's responsibility to resolve conflicts in the medical evidence. *Andrews*, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan*, 528 F.3d at 1198 (internal quotation marks omitted). Here, the ALJ reasonably concluded, based on this record, that Dr. Genthe's opinion was insufficiently explained.

      b.      Does Not Satisfy Disability Durational Requirement

The ALJ also discounted Dr. Genthe's assessment because he opined that Plaintiff would be limited in his ability to work for a three to six-month period. Tr.

ORDER - 15

53, 312-13. Temporary limitations are not enough to meet the durational requirement for a finding of disability. 20 C.F.R. §§ 404.1505(a), 416.905(a) (requiring a claimant's impairment to be expected to last for a continuous period of not less than twelve months); 42 U.S.C. § 423(d)(1)(A) (same); *Carmickle*, 533 F.3d at 1165 (affirming the ALJ's finding that treating physicians' short-term excuse from work was not indicative of "claimant's long-term functioning"). The ALJ noted that Dr. Genthe's opinion only addressed temporary restrictions, as Plaintiff had only been in treatment for two months and Dr. Genthe predicted improvement within three to six months. Tr. 53. Plaintiff does not address the ALJ's finding regarding Dr. Genthe's temporary limitations, and instead focuses his argument solely on whether the ALJ erred in finding Dr. Genthe's examination was cursory and his opinion had little meaningful explanation. ECF No. 14 at 4 (citing Tr. 53). Because Dr. Genthe indicated that Plaintiff's opined restrictions were not permanent restrictions or expected to last for a continuous period of not less than twelve months, the ALJ reasonably discounted Dr. Genthe's opinion.

**B.     Step Three**

Plaintiff contends that the ALJ erred by finding that he did not met Listing 12.06 at step three. ECF No. 14 at 5.

At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

ORDER - 16

The Listing of Impairments "describes for each of the major body systems impairments [which are considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. §§ 404.1525, 416.925. To meet a listed impairment, a claimant must establish that he meets each characteristic of a listed impairment relevant to his claim. 20 C.F.R. §§ 404.1525(d), 416.925(d). If a claimant meets the listed criteria for disability, he will be found to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The claimant bears the burden of establishing he meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Here, Plaintiff relies entirely on the argument that the ALJ erred in evaluating Dr. Genthe's medical opinion. ECF No. 14 at 5. Given that the Court has found no error in the ALJ's evaluation of Dr. Genthe's medical opinion, Plaintiff has not established that the ALJ erred in determining that Plaintiff did not meet Listing 12.06 at step three.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Andrew M. Saul as the Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED October 7, 2019.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 18